Ladene C. Sheldon v. Commissioner.
Sheldon v. Commissioner
Docket No. 4100-67.
United States Tax Court
T.C. Memo 1969-170; 1969 Tax Ct. Memo LEXIS 127; 28 T.C.M. (CCH) 848; T.C.M. (RIA) 69170; August 18, 1969. Filed LeRoy Hersh, 1255 Post St., San Francisco, Calif., for the petitioner. Joel A. Sharon, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $246.70 in petitioner's income tax for the taxable year 1964. The issues for decision are: (1) whether petitioner is entitled to a dependency exemption for her son, Craig; and (2) whether petitioner is entitled to a deduction for child care expenses. Findings of Fact Some of the facts were stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Ladene C. Sheldon (hereinafter referred to as Ladene or petitioner) was a resident of San Rafael, California, at the time of the filing of her petition in this case. For the taxable year 1964, petitioner *128 filed her 849 Federal income tax return on the calendar year basis with the district director of internal revenue, San Francisco, California. Petitioner married George W. Sheldon (hereinafter referred to as George) in 1960. Their son, Craig Sheldon (hereinafter referred to as Craig), was born on November 12, 1960. Ladene and George separated in 1962 and were divorced on December 18, 1964. During the year 1964, Craig resided with Ladene in San Francisco, California. They were the only two members of the household. George made payments during 1964 to Ladene for the support of Craig totalling $1,500 pursuant to an order of the Superior Court of the State of California. He made additional expenditures for Craig's benefit of his own accord which included the payment of certain medical bills and health insurance premiums, and the purchase of gifts. George's total expenditures for Craig's benefit excluding the payments required by the court order did not exceed $400. With the exception of gifts amounting to approximately $75 made by Ladene's mother, May McGarry, the balance of Craig's support was furnished by Ladene. Petitioner provided Craig with lodging, food, clothing, recreation, *129 education, transportation, and medical care. The total direct support furnished to Craig during 1964 was as follows: Health insurance $ 24.00
Health insurance $ 24.00
Medical expenses 72.74
Clothing 300.00
Piano rental 180.00
Education (care center) 255.50
Sitters 450.00
Miscellaneous (recreation, laundry, toys, etc.) 275.00
Total $1,557.24 The total expenditures for the benefit of the household generally were as follows: Rent
$1,620.00
Food
1,300.00
House expenses (utilities, insur- ance, ect.)
346.75
Auto expenses, plus depreciation 988.28
Total
One-half of these expenses, or $2,127.52, was allocable to Craig's support. Craig's total support for the year 1964 did not exceed $4,159.76. Of this amount Ladene contributed at least $2,184.00. In addition to her net earnings as a telephone receptionist during 1964 amounting to $4,469.69 and an insurance recovery of $549.28, Ladene received cash gifts totalling $750 from her mother. This money was given unconditionally and without instruction as to its use. There was no understanding that such money would be used for Craig's support. On her Federal income tax return for the taxable year *130 1964, petitioner claimed a dependency exemption for Craig. She also deducted $600.00 for Craig's child care expenses which she had paid in 1964. Respondent disallowed both of these deductions thereby creating a deficiency for the taxable year 1964. Opinion The issues presented for decision are: (1) whether petitioner is entitled to a dependency exemption for her son, Craig, for the taxable year 1964; and (2) whether petitioner is entitled to a deduction for Craig's child care expenses for 1964 pursuant to section 214 of the Internal Revenue Code of 1954. [1] The parties have agreed that both issues turn upon the question whether petitioner provided more than one-half of Craig's support for the taxable year at issue. *131 For the purposes of resolving this question, amounts contributed by Ladene toward Craig's support are to be compared with the entire amount of support which Craig received from all sources in 1964. Section 1.152-1(a)(2)(i), Income Tax Regs.
Respondent has urged us to treat certain cash gifts made by May McGarry to petitioner (Ladene) in 1964 as a contribution by May McGarry toward Craig's support in that year. In so doing respondent relies upon Rev. Rul. 64-222, 1964-2 C.B. 47. Having found that May McGarry's gifts to petitioner were outright and unconditional, we consider the above-mentioned ruling inapplicable to the case at bar. That ruling merely describes the manner in 850 which to allocate support contributions made to a household generally among the members of such household. It provides that such amounts are to be treated as contributions to each member of the household equally. However, we are confronted with an entirely different situation in the instant case. May McGarry did not make any payments to the petitioner expressly for the support of the household. Nor did she actually defray common household expenses, thereby benefiting *132 petitioner and Craig jointly. She made the gifts in question directly to petitioner without any instructions regarding the purpose of such gifts or restrictions as to their use. Thus, we need not regard any portion of May McGarry's cash gifts as payments for the support of Craig. We think that the record adequately supports petitioner's contention that she furnished more than one-half of Craig's total support in 1964. We have reached such conclusion on the basis of all the testimony presented in the record, bearing in mind that much of petitioner's testimony was self-serving. Obviously it has been necessary for us to make approximations and allocations in respect to some items. We have considered respondent's assertion that petitioner's payments for the purchase of her automobile during 1964 are not to be treated as an item of support. We agree with the respondent that the cost of property purchased is not an item of support. However, property used for the support of dependent children may be considered an item of support and the amount of such item is measured in terms of its fair market value. Sec. 1.152-1(a)(2)(i), Income Tax Regs. We have therefore *133 included $988.28 as the amount to be allocable to Craig's support in our computation. In accordance with our finding that petitioner furnished more than one-half of Craig's total support for the taxable year 1964, we hold that she is entitled to a dependency exemption for Craig in that year. Respondent has agreed that if petitioner furnished more than one-half of Craig's support in 1964 then petitioner is entitled to deduct her child care expenses. In view of our holding we further conclude that respondent's disallowance of petitioner's child care expenses was in error. Decision will be entered for the petitioner. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS. (a) General Rule. - There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman * * * for the care of one or more dependents (as defined in subsection (d)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed. (b) Limitations. - (1) Dollar limit. - (A) Except as provided in subparagraph (B), the deduction under subsection (a) shall not exceed $600 for any taxable year.↩